PER CURIAM.
This proceeding is before the Court on the petition of Stuart L. Stein challenging the referee’s recommendation that Stein be suspended from the practice of law for six months. We have jurisdiction,[1] approve the referee’s findings of fact, yet decline to follow her disciplinary recommendation.
The referee’s findings of fact reflect that on June 14, 1985, Stein was retained by clients to obtain an injunction against Bro-ward County to prohibit the county from obtaining a cash bond before allowing the clients to sell fireworks within the county. The fee agreement provided that the clients would pay Stein a nonrefundable fee of $5,000, plus costs, which the referee found reasonable. The agreement contained an alternative provision that, if the clients did not have sufficient funds to pay the fee, then they agreed to transfer to Stein fireworks with a wholesale value of $10,000 to secure the payment. The agreement did not indicate when the clients had to pay Stein this fee. To implement this agreement, Stein’s agent and the clients met at a warehouse where the fireworks were stored, and Stein’s agent placed a lock of his own on the warehouse beside the clients’ lock. On July 2, 1985, without notice to his clients, Stein, with the aid of a locksmith, forcibly removed the clients’ lock from the warehouse, seized the fireworks, and brought them to his office. On July 4, Stein sold a portion of the fireworks for $700 without taking any formal action *1365 or giving any notice to his clients. Later that day, the clients contacted Stein, who arranged for his secretary to release the fireworks to them and advised her to accept $4,000, even though he was entitled to $4,300 plus unreimbursed costs. The clients retrieved a portion of the fireworks from the law office after tendering $5,000 to Stein’s secretary, which she accepted. Testimony in the record reflects that sixty-nine boxes of fireworks, worth $100 per box, were unaccounted for.
The referee found that Stein breached his duty by not issuing to his clients a receipt telling them everything he received as collateral and by failing to maintain complete records of the property; that Stein’s decision to use self-help in acquiring the fireworks from the warehouse adversely reflected on his ability to practice law; that, before Stein exercised this self-help, he had a duty to advise his clients that he would take possession of and sell the fireworks if payment was not received by a specified date; and that Stein should have advised his clients, when he spoke to them on July 2 and 3, that he was preparing to sell the property.
Upon these facts, the referee recommended that Stein be found guilty of violating The Florida Bar Code of Professional Responsibility[2] Disciplinary Rule 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law) and Disciplinary Rule 9-102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them). For these violations, the referee recommended that Stein be suspended for six months and be required to make restitution in the amount of $6,900 to Thomas Rushing, the supplier of the fireworks, who was owed money for the fireworks.
We reject Stein’s claims against the grievance committee process. The unrefut-ed facts in this record clearly justify the grievance committee’s finding of probable cause. Further, we find that the referee had clear and convincing evidence to support her findings of fact.
We agree with the referee’s findings of fact but decline to follow her disciplinary recommendation. We note that the referee recommended that Stein be found not guilty of violating Disciplinary Rule 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Because it was not shown that Stein’s actions involved dishonesty, we find that a three-month suspension is more appropriate. Accordingly, we suspend Stuart L. Stein from the practice of law for ninety days, commencing nunc pro tunc May 30, 1989, thereby giving Stein thirty days to take the necessary steps to protect his clients. Stein shall accept no new business after the date of this opinion. Pursuant to rule 3-5.1(h), Rules Regulating The Florida Bar, Stein shall give notice of his suspension to all his clients with pending matters. As a condition of reinstatement, Stein is directed to make restitution to Thomas Rushing of $6,900. We find that this case is consistent with our holding in The Florida Bar v. Della-Donna, No. 69,324 (Fla. June 22, 1989). We note that the unaccounted-for property in this cause, for which restitution is required as a condition of Stein’s reinstatement, was in the possession of Stein in his capacity as a lawyer. Judgment for costs in the amount of $3,080.60 is entered against Stuart L. Stein, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Art. V, § 15, Fla.Const.

. The Florida Bar Code of Professional Responsibility was in effect until January 1, 1987.