779 P.2d 111

**In the Matter of Stuart L. STEIN, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17349.**

Supreme Court of New Mexico.

Sept. 6, 1989.

Virginia L. Ferrara, Albuquerque, for Board.

Saul Cohen, Santa Fe, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court following an order to show cause and an order of temporary suspension issued to Stuart L. Stein pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316.

Stein was admitted to the Bar of the State of New Mexico on November 4, 1987, but never has practiced law in this state. Until recently, he resided and practiced law in Florida. At the time of his application to the State Bar of New Mexico, Stein advised the Board of Bar Examiners that there were disciplinary charges pending against him in Florida. After an investigation and report by the Board of Bar Examiners, this Court admitted Stein to the practice of law in New Mexico on the condition that he report immediately any discipline imposed against him in Florida as a result of the pending matters.

On April 27, 1989, the Supreme Court of Florida suspended Stein from the practice of law for a period of ninety days effective May 30, 1989. *Florida Bar v. Stein*, 545 So.2d 1364 (Fla.1989). The suspension was for acts committed in 1985 involving improper efforts to collect a fee in violation of the Florida Bar Code of Professional Responsibility, Rules 1–102(A)(6) and 9–102(B)(3). Stein reported this action to the clerk of this Court on May 9, 1989.

Upon the Disciplinary Board's receipt of notice that Stein had been suspended from the practice of law in Florida, disciplinary counsel filed a petition for reciprocal discipline in accordance with Rule 17–210. Rather than enter an order automatically imposing identical discipline pursuant to Rule 17–210(A), we issued an order to show cause and temporarily suspended Stein from practice before all New Mexico courts as of July 3, 1989.

Stein subsequently declared his intention not to contest the petition for reciprocal discipline and consented to the imposition of discipline in New Mexico identical to and concurrent with the discipline imposed in Florida. We believe this sanction is appropriate.

IT IS THEREFORE ORDERED that Stuart L. Stein be and hereby is suspended from the practice of law for a definite period of ninety (90) days pursuant to SCRA 1986, 17–206(A)(2) and 17–210, effective May 30, 1989.

IT IS FURTHER ORDERED that because there is no claim Stein has ever practiced law in New Mexico, the requirement that he show compliance with SCRA 1986, 17–212, be and hereby is waived.

Costs in the amount of $22.20 are assessed against Stein and must be paid to the Disciplinary Board on or before September 7, 1989.

IT IS SO ORDERED.